01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  SERGIO BARAJAS MORENO,                    )
                                              )   CASE NO. C09-1725-RSL
09          Petitioner,                       )
                                              )
10      v.                                    )
                                              )   REPORT AND RECOMMENDATION
11  A. NEIL CLARK, Field Office Director, U.S. )
    Immigration and Customs Enforcement,      )
12                                            )
            Respondent.                       )
13  _____ )

14                    I. INTRODUCTION AND SUMMARY CONCLUSION

15          On December 18, 2009, petitioner Sergio Barajas Moreno, proceeding pro se, filed a

16  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of

17  his continued detention without bond pending the completion of his removal proceedings

18  before the Immigration Court.  (Dkt. No. 6.)  On January 20, 2010, the government filed a

19  Return Memorandum and Motion to Dismiss, arguing that the nature of the charges of

20  removability against petitioner warrant mandatory detention under Section 236(c) of the

21  Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c).  (Dkt. No. 11.)  Petitioner

22  subsequently filed a Traverse Motion, indicating that the Board of Immigration Appeals

01  ("BIA") had dismissed his appeal and that he had timely filed a Petition for Review of the

02  BIA's decision with the Ninth Circuit Court of Appeals and was granted a temporary stay of

03  removal.  (Dkt. No. 17.)   Petitioner maintains that he is entitled to a custody hearing before an

04  Immigration Judge ("IJ") pursuant to INA § 236(a), 8 U.S.C. § 1226(a).  *Id*.  On April 8,

05  2010, however, petitioner received a bond hearing before an IJ who ordered that petitioner be

06  released from custody under bond of $10,000.  (Dkt. No. 22, Ex. A.)   The government now

07  asserts that because petitioner has received the relief sought in his habeas petition, his petition

08  should be denied and dismissed as moot.   (Dkt. No. 22.)

09      For the reasons set forth below, the Court recommends that respondent's motion to

10  dismiss be GRANTED, petitioner's traverse motion be DENIED, and this matter be dismissed

11  with prejudice.

12                  II. BACKGROUND AND PROCEDURAL HISTORY

13      Petitioner is a native and citizen of Mexico who was admitted to the United States as a

14  lawful permanent resident on June 24, 1981.  (Administrative Record ("AR") R15.)   On June

15  24, 2008, petitioner was convicted in the State of California for the offense of possession of a

16  controlled substance (methamphetamine), and was sentenced to one year and four months

17  incarceration.  (AR L161.)   On April 7, 2009, petitioner was transferred from the California

18  Department of Corrections to ICE custody and detained without bond pursuant to INA § 236(c).

19  (AR R153, L146-47.)   The same day, ICE served petitioner with a Notice to Appear, charging

20  him as subject to removal under INA § 237(a)(2)(B)(i), for having been convicted of a violation

21  relating to a controlled substance.   (AR L148-50.)

22      Petitioner requested and received a bond redetermination hearing before an IJ, who

01   denied bond for lack of jurisdiction pursuant to INA § 236(c).   (AR L189.)   On November 3,

02   2009, the IJ denied petitioner's applications for a Section 212(c) waiver and cancellation of

03   removal under INA § 240A(a), and ordered him deported to Mexico on the charges contained in

04   the Notice to Appear.   (AR L277-85.)   On November 30, 2009, petitioner timely appealed the

05   IJ's decision to the BIA.   (AR R234, L274-76.)

06         On December 18, 2009, petitioner filed the instant habeas petition in this Court,

07   challenging his continued detention without bond.   (Dkt. No. 6.)   Petitioner requests "[t]hat

08   the Court order the Petitioner to be released on supervised release pending all finality or that the

09   court orders the Agency to hold a bond hearing where individual factors can be considered that

10   can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE

11   and the District Courts and the Ninth Circuit."   *Id*. at 2.   On January 20, 2010, respondent filed

12   a Return Memorandum and Motion to Dismiss, arguing that petitioner remains in removal

13   proceedings and that the nature of the charges of removability against petitioner warrant

14   mandatory detention under Section 236(c) of the Immigration and Nationality Act ("INA"), 8

15   U.S.C. § 1226(c).

16         On March 4, 2010, the BIA affirmed the IJ's decision and dismissed petitioner's appeal.

17   (Dkt. No. 18 at 1.)   Accordingly, petitioner's order of removal became administratively final

18   on that date.   *See* INA § 101(a)(47)(B)(i), 8 U.S.C. § 1101(a)(47)(B)(i).   On March 5, 2010,

19   petitioner timely filed a Petition for Review of the BIA's decision with the Ninth Circuit Court

20   of Appeals.   *See Moreno v. Holder*, No. 10-70678 (9th Cir. 2010).   Pursuant to Ninth Circuit

21   General Order 6.4(c)(1)(3), a temporary stay of removal was automatically issued.   *Id*.

22   Petitioner's petition for review remains pending in the Ninth Circuit.   *Id*.

REPORT AND RECOMMENDATION
PAGE -3

01      On April 8, 2010, an IJ held a bond redetermination hearing pursuant to INA § 236(a),

02  and ordered that petitioner be released from custody on bond in the amount of $10,000.   (Dkt.

03  No. 22, Ex. A.)   Petitioner states that he is eligible for humanitarian release, and requests that

04  the Court "order the Immigration Judge to conduct an individualized bond hearing."   (Dkt. No.

05  20 at 4.)   Respondent argues that petitioner has received the relief sought through the filing of

06  his habeas petition and that his claims in this action are now moot and should be dismissed.

07  (Dkt. No. 22 at 1.)

08                                      III. DISCUSSION

09      Section 236 of the INA provides the framework for the arrest, detention, and release of

10  aliens in removal proceedings.   *See* INA § 236, 8 U.S.C. § 1226.   That provision provides the

11  Attorney General with discretionary authority to determine whether an alien should be

12  detained, released on bond, or released on conditional parole pending the completion of

13  removal proceedings, unless the alien falls within one of the categories of criminal aliens

14  described in Section 236(c), for whom detention is mandatory.   *See id.*; *see also Demore v.*

15  *Kim*, 538 U.S. 510, 513 n.1., 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003)("Section 1226(c)

16  authorizes detention of aliens who have committed certain crimes . . . .").   Unlike non-criminal

17  aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are

18  not entitled to a bond hearing and are not provided the opportunity to show that their detention

19  is unnecessary because they are not a flight risk or a danger to the community.   *See*

20  *Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

21      Once removal proceedings have been completed, the detention and release of aliens

22  shifts to INA § 241, 8 U.S.C. § 1231.   Section 241(a)(1)(A) of the INA states that "when an

01      alien is ordered removed, the Attorney General shall remove the alien from the United States

02      within a period of 90 days (in this section referred to as the 'removal period')."  INA §

03      241(a)(1)(A).  During the 90 day removal period, continued detention is required.  INA §

04      241(a)(2).  Section 241(a)(6) provides the Attorney General with discretionary authority to

05      detain certain aliens beyond the removal period, or to release them under an order of

06      supervision.  INA § 241(a)(6).  The determination of when an alien becomes subject to

07      detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B),

08      which provides:

09           The removal period begins on the latest of the following:

10           (i)      The date the order of removal becomes administratively final.

11           (ii)      <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

12

13           (iii)      If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

14      INA § 241(a)(1)(B)(emphasis added).   Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court

15      issues a stay of removal pending its review of an administrative removal order, the alien

16      continues to be detained under INA § 236(a) until the court renders its decision.  *See*

17      *Prieto-Romero v. Clark*, 534 F.3d 1053,1059 (9th Cir. 2008); *see also Casas-Castrillon*, 535

18      F.3d at 951.

19           In the present case, ICE charged petitioner with being removable from the United States

20      for having been convicted of a violation relating to a controlled substance under INA §

21      237(a)(2)(B)(i).   Thus, petitioner falls squarely within the group of aliens described in INA §

22      236(c)(1)(B) for whom detention is mandatory *during* removal proceedings.  On March 5,

REPORT AND RECOMMENDATION
PAGE -5

01 2010, however, petitioner filed a petition for review with the Ninth Circuit which issued a stay

02 pending its review of petitioner's administrative removal order.  *See Moreno,* No. 10-70678.

03 Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA

04 decision, the removal period has not yet commenced, and petitioner is now detained pursuant to

05 INA § 236(a).  *See Casas-Castrillon*, 535 F.3d at 948 (holding that once proceedings before

06 the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA

07 § 236(a)); *see also Prieto-Romero*, 534 F.3d at 1062 ("Because Prieto-Romero filed a petition

08 for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter

09 a final order denying his petition for review will the statutory source of the Attorney General's

10 detention authority shift from § 1226(a) to § 1231(a).").

11      In *Casas-Castrillon*, the Ninth Circuit held that aliens who are in immigration detention

12 pending judicial review of an administratively final order of removal are entitled to an

13 individualized bond hearing before an Immigration Judge regardless of whether they were

14 previously detained under INA § 236(c)(mandatory detention) during removal proceedings.

15 *Casas-Castrillon*, 535 F.3d at 951.  The Ninth Circuit held because neither INA § 236(c) nor

16 INA § 241(a) authorizes prolonged detention pending judicial review of a removal order, an

17 alien's detention could only be authorized under INA § 236(a).  *Id*. at 948.  The Court

18 concluded that that an alien has the right to contest the necessity of his detention before a

19 neutral decision maker and an opportunity to appeal that determination to the BIA.  *See id.* at

20 950-51.

21      As respondent asserts, however, the record shows that on April 8, 2010, petitioner was

22 provided an individualized bond hearing before an Immigration Judge where he was given the

01   opportunity to present evidence in support of his release.   The IJ ordered that petitioner be

02   released from custody under bond of $10,000.   Because petitioner has received the relief

03   sought in his habeas petition, his petition is now moot and should be dismissed.[1]   *See*

04   *Prieto-Romero*, 534 F.3d 1053 (holding that due process is satisfied once an alien has "had an

05   opportunity to contest the necessity of his detention before a neutral decisionmaker and an

06   opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*,548

07   F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention

08   without an individualized bond hearing after IJ held a bond hearing).

09                         IV. CONCLUSION

10       For the foregoing reasons, the Court recommends that respondent's motion to dismiss

11   (Dkt. No. 11) be GRANTED, petitioner's traverse motion (Dkt. No. 17) be DENIED, and that

12   this matter be DISMISSED with prejudice.   A proposed order accompanies this Report and

13   Recommendation.

14       DATED this <u>18th</u> day of May, 2010.

15

16                                 _____
                                   Mary Alice Theiler

17                                 United States Magistrate Judge

18

19

---

20       [1] Petitioner argues in his Traverse Motion that he is eligible for "humanitarian release
     under 8 C.F.R. 212.5(b)."   (Dkt. No. 17 at 2.)   However, 8 C.F.R. § 212.5(b) authorizes ICE to

21   grant parole to any alien applying for admission to the United States for "urgent humanitarian
     reasons" or "significant public benefit."   Because petitioner is not applying for admission to

22   the United States, 8 C.F.R. § 212.5(b) is inapplicable to petitioner's case.   Accordingly,
     petitioner's request for humanitarian release pursuant to 8 C.F.R. § 212.5(b) must be denied.